IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____
                                       )
MARTHA STEWART LIVING                  )
OMNIMEDIA, INC.                        )
                                       )
                    Plaintiff,         )    Civil Action No. 13-CV-1074
                                       )
                                       )
v.                                     )
                                       )
LODSYS GROUP, LLC                      )
                                       )
                    Defendant.         )
_____)

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Martha Stewart Living Omnimedia, Inc. ("MSLO"), by and through the undersigned counsel, files this amended complaint for a declaratory judgment against Defendant, Lodsys, Group, LLC ("Lodsys"), and alleges as follows:

## NATURE OF ACTION

1.  This is an action for a declaratory judgment that MSLO does not infringe any valid claim of United States Patent Nos. 5,999,908 (the "'908 patent"), 7,133,834 (the "'834 patent"), 7,222,078 (the "'078 patent"), and 7,620,565 (the "'565 patent") (collectively, the "Asserted Patents"), and for a declaratory judgment that the claims of each of the Asserted Patents are invalid.

2.  A true and correct copy of the '908 patent is attached hereto as Exhibit A.

3.  A true and correct copy of the '834 patent is attached hereto as Exhibit B.

4.  A true and correct copy of the '078 patent is attached hereto as Exhibit C.

5.  A true and correct copy of the '565 patent is attached hereto as Exhibit D.

## THE PARTIES

6. Plaintiff, MSLO, is incorporated in Delaware and has a principal place of business at 601 West 26th Street, New York, NY. MSLO is a media and merchandising company whose business holdings include a variety of print publications, television and radio programming, e-commerce websites, and home goods merchandise.

7. On information and belief, Defendant, Lodsys, is a Texas limited liability company and claims to have a principal place of business at 505 East Travis Street, Suite 207, Marshall, Texas, 75670. The Texas Secretary of State lists the corporate address of Lodsys as 800 Brazos, Suite 400, Austin, Texas 74701.

8. On information and belief, Lodsys owns the Asserted Patents.

9. On information and belief, Mark Small is the Chief Executive Officer of Lodsys.

10. On information and belief, Mr. Small conducts Lodsys's business from an office located in Oconomowoc, Wisconsin, within this jurisdictional district. Accordingly, on information and belief, Lodsys's primary place of business and/or headquarters is located within this judicial district.

11. On information and belief, Mr. Small lives and works in Wisconsin, holds a Wisconsin driver's license, is registered to vote in Wisconsin, and is a resident and citizen of Wisconsin.

## JURISDICTION AND VENUE

12. This action arises under the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1, et seq.), and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 (federal question) and 1338(a) (action arising under an Act of Congress relating to patents).

14. This Court has personal jurisdiction over Lodsys because it has constitutionally sufficient contacts with Wisconsin so as to make personal jurisdiction proper in this Court. Lodsys maintains an office within this district and conducts or solicits business within this district.

15. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

16. Thirteen declaratory judgment actions against Lodsys relating to the Asserted Patents have been brought in this District, including this one—*Eset LLC v. Lodsys LLC* (Case No. 2:11-cv-650); *RightNow Technologies Inc. v. Lodsys LLC* (Case No. 2:11-cv-737); *Wolfram Alpha LLC et al. v. Lodsys LLC and Lodsys Group, LLC* (Case No. 2:11-cv-750); *LivePerson Inc. v. Lodsys LLC* (Case No. 2:11-cv-1030); *ForeSee Results Inc. v. Lodsys LLC* (Case No. 2:11-cv-1092); *PC Drivers Headquarters 1 Inc. et al. v. Lodsys LLC* (Case No. 2:11-cv-1099); *PCS Sales (USA) Inc. v. Lodsys LLC* (Case No. 2:11-cv-1113); *Oracle America Inc. v. Lodsys LLC and Lodsys Group, LLC* (Case No. 2:12-cv-550); *Creative Mobile OU v. Lodsys Group, LLC* (Case No. 2:12-cv-702); *BuySeasons v. Lodsys LLC and Lodsys Group, LLC* (Case No. 2:12-cv-797); and *Confirmit Inc. v. Lodsys LLC and Lodsys Group, LLC* (Case No. 2:12-cv-868). This action is the only one that is still pending; all of the others have been closed.

## THE PRESENCE OF AN ACTUAL CONTROVERSY

17. On July 15, 2011, Mr. Small, sent a letter to Ms. Lisa Gersh, former CEO, of MSLO. A copy of this letter is attached hereto as Exhibit E.

18. The July 15, 2011 letter stated:

[w]e have reviewed your use of the Lodsys Patents and have prepared the enclosed claim chart demonstrating at least one instance of how you utilize the inventions embodied in the Lodsys Patents. The images used in the charts are representative only and in addition to the charted claim of

the referenced patent, you should consider the remaining claims of that
patent and the other Lodsys patents both with respect to the charted
utilization and to other products and services offered by you.

19. The July 15, 2011 letter also stated:

[w]e are interested in reaching a negotiated non-litigation licensing
arrangement with you for all of your uses of the Lodsys Patents under
your brand names and would like to discuss this matter with you within 21
days of your receipt of this letter.

20. The July 15, 2011 letter also stated that Lodsys has "retained the firms of Kelley, Donion, Gill, Huck & Goldfarb PLLC (www.kdg-law.com) based in Seattle, Washington, and The Davis Firm, P.C. (www.bdfirm.com) based in Longview, Texas, to assist the company in licensing of the Lodsys Patents."

21. The July 15, 2011 letter also stated:

Lodsys LLC reserves all rights with regard to the '908, '834, '078, and
'565 patents, including: (1) the right to seek damages anytime within the
last six years that your company started to make use of Lodsys' patented
technology; (2) the right to change its royalty rates at any time; (3) the
right to change this licensing program at any time without notice,
including variance to conform to applicable laws. You should not rely on
any communication or lack of communication from Lodsys, Kelley,
Donion, Gill, Huck & Goldfarb, PLLC, or The Davis Firm Group as a
relinquishment of any of Lodsys' rights.

22. The July 15, 2011 letter also included an "Infringement Claim Chart," setting forth how MSLO's "Everyday Food Magazine" iPad application allegedly infringes claim 1 of the '078 patent.

23. On information and belief, there was no communication between Lodsys and MSLO between July 2011 and July 2013.

24. On information and belief, Ms. Burns left a voicemail with MSLO on July 16, 2013 regarding the allegations set forth in Lodsys's July 15, 2011 letter.

25. During the week of July 15, 2013, Vanessa Soman, former Associate General

Counsel at MSLO, called Jeanette Burns, Secretary at Lodsys/Licensing Associate at IPMG, AG.

26. On July 22, 2013, Ms. Burns sent an email to Ms. Soman. The letter cc-ed Mark Small. A copy of this letter is attached hereto as Exhibit F.

27. The July 22, 2013 letter thanked Ms. Soman for her return call "last week," and further stated, "[a]s you requested, I am sending you our licensing documents for the Lodsys Patents along with the Markman ruling. Lodsys Group's believes [sic] there are four iPad apps that are infringing uses [sic]: Martha Stewart Living Magazine, Martha Stewart Everyday Food (Claimed Charted) [sic], Martha Stewart CraftStudio and Martha Stewart Weddings."

28. The July 22, 2013 letter further offered MSLO a license at $5,000 per accused infringing product, or $20,000 total.

29. The July 22, 2013 letter further stated that it is Lodsys's position that the Apple Inc. ("Apple") license does not extend to cover Apple's agents.

30. The July 22, 2013 letter concluded: "I am hopeful that you will take advantage of our program. I will follow up with you next week. Meanwhile, if you have any questions, please do not hesitate to give me a call."

31. After Ms. Soman received the July 22, 2013 letter, Ms. Soman called Ms. Burns and notified her that Allison Hoffman, EVP and General Counsel of MSLO, is the new contact for the Lodsys Group matter.

32. On August 8, 2013, Ms. Burns sent MSLO an email "forwarding the pertinent documents." The email attached a letter, a "Patent Sub-License Agreement" and the Memorandum Opinion and Order from *Lodsys, LLC et al. v. Brother Int'l Corp., et al.*, Case No. 2:11-cv-00090, pending in the United States District Court for the Eastern District of Texas. A copy of this email and the attached documents are attached hereto as Exhibit G.

33. On August 23, 2013, Ms. Burns and Ms. Hoffman spoke by telephone.

34. On August 23, 2013, Ms. Burns sent MSLO an email attaching a "crib sheet" of the parties' claim construction positions from the *Lodsys, LLC et al. v. Brother Int'l Corp., et al.*, Case No. 2:11-cv-00090, pending in the United States District Court for the Eastern District of Texas. A copy of this email and the attached "crib sheet" are attached hereto as Exhibit H.

35. On September 10, 2013, Ms. Burns sent MSLO an email asking, "[w]hen would be a good time to go over IMPG's proposal offered back in August?" A copy of this email is attached hereto as Exhibit I.

36. On September 18, 2013, MSLO sent a response to Ms. Burns. A copy of this email is attached hereto as Exhibit J.

37. MSLO's September 18, 2013 email stated:

Thank you for following up with me last week about IPMG's proposal. WE have now had a chance to review the materials that you sent. Based on our review, we have concluded that none of the four Martha Stewart iPad applications – Martha Stewart Living Magazine, Martha Stewart Everyday Food, Martha Stewart CraftStudio, or Martha Stewart Weddings—practices any claims of any of the four patents included in the proposed Martha Stewart-IPMG Lodsys Patent Sublicense Agreement (U.S. Patent Nos. 5,999,908, 7,133,834, 7,222,078 and/or 7,620,565). As such, Martha Stewart is not interested in taking a license to any of these patents.

38. MSLO has not heard from Lodsys since sending the September 18, 2013 email.

39. Upon information and belief, Lodsys is solely a licensing entity, and without enforcement it receives no benefits from the Asserted Patents.

40. Lodsys brought its first lawsuit on February 11, 2011. Lodsys filed a lawsuit against 12 companies alleging infringement of the Asserted Patents. That case is styled *Lodsys, LLC v. Brother International Corporation, et al.*, Case No. 2:11-cv-90 and is pending in the Eastern District of Texas, Marshall Division.

41. According to the Public Access to Court Electronic Records (PACER) service, Lodsys and/or Lodsys, LLC are parties and/or have been parties (usually plaintiffs) in 151 cases in the Eastern District of Texas, most of which, upon information and belief, have settled by amounts far below the cost of litigation.

42. Many of Lodsys's cases in the Eastern District of Texas have been consolidated into one action, which is scheduled to go to trial October 2013.

43. On information and belief, in all Eastern District of Texas cases, counsel of record to Lodsys are Kelley, Donion, Gill, Huck & Goldfarb, PLLC, based in Seattle, WA, and The Davis Firm, P.C., based in Longview, Texas.

44. By virtue of Lodsys's actions, MSLO is in reasonable apprehension of an imminent patent infringement suit relating to the Asserted Patents.

45. MSLO denies that it infringes any valid claim of the Asserted Patents. MSLO now seeks a declaratory judgment that it does not infringe any valid claim of the Asserted Patents.

46. MSLO also seeks a declaratory judgment that the Asserted Patents are invalid for at least the reason that the claims of the Asserted Patents are anticipated by prior art, including but not limited to, California Institute of Technology's TOC/DOC system and Telebase System's EasyNet Knowledge Gateway.

47. On information and belief, third party Apple is licensed to the Asserted Patents ("Apple's License") and is expressly permitted, among other things, to use, sell, offer to sell, or otherwise distribute to its developers, such as MSLO, products and services that embody the technology covered by the Asserted Patents.

48. On information and belief, Lodsys purchased the Asserted Patents subject to

Apple's License. On information and belief, Apple's ability to use the technology embodied by the Asserted Patents is the purported value of Apple's License.

49. Apple offers products and services to MSLO to enabled MSLO to offer its products to end users of Apple products. The products and services Apple provides to MSLO consist, among other things, of Apple application program interfaces, Apple software development kits, and Apple's operating system through which MSLO programs access Apple hardware and software that permit interaction between MSLO and Apple end users. Apple also provides a comprehensive set of Apple hosting, marketing, sales, agency, and delivery services that allow MSLO to provide its products to millions of Apple end users.

## COUNT I

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '908 PATENT**

50. The allegations of paragraphs 1-49 are incorporated by reference as if fully set forth herein.

51. The iPad applications for the following four publications, Martha Stewart Living Magazine, Martha Stewart Everyday Food, Martha Stewart CraftStudio and Martha Stewart Weddings, do not infringe any valid claim of the '908 Patent.

52. An actual controversy exists between MSLO and the Defendant as to whether or not MSLO has infringed, or is infringing, the '908 Patent; has contributed to infringement, or is contributing to infringement of the '908 Patent; and has induced infringement, or is inducing infringement of the '908 Patent.

53. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., MSLO is entitled to a declaration, in the form of a judgment, that by its activities MSLO has not infringed and is not infringing any valid and enforceable claim of the

'908 Patent; has not contributed to infringement and is not contributing to infringement of the '908 Patent; and/or has not induced infringement and is not inducing infringement of the '908 Patent. Such a determination and declaration is necessary and appropriate at this time.

## COUNT II

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '834 PATENT**

54. The allegations of paragraphs 1-53 are incorporated by reference as if fully set forth herein.

55. The iPad applications for the following four publications, Martha Stewart Living Magazine, Martha Stewart Everyday Food, Martha Stewart CraftStudio and Martha Stewart Weddings, do not infringe any valid claim of the '834 Patent.

56. An actual controversy exists between MSLO and the Defendant as to whether or not MSLO has infringed, or is infringing, the '834 Patent; has contributed to infringement, or is contributing to infringement of the '834 Patent; and has induced infringement, or is inducing infringement of the '834 Patent.

57. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., MSLO is entitled to a declaration, in the form of a judgment, that by its activities MSLO has not infringed and is not infringing any valid and enforceable claim of the '834 Patent; has not contributed to infringement and is not contributing to infringement of the '834 Patent; and/or has not induced infringement and is not inducing infringement of the '834 Patent. Such a determination and declaration is necessary and appropriate at this time.

## COUNT III

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '078 PATENT**

58. The allegations of paragraphs 1-57 are incorporated by reference as if fully set

forth herein.

59. The iPad applications for the following four publications, Martha Stewart Living Magazine, Martha Stewart Everyday Food, Martha Stewart CraftStudio and Martha Stewart Weddings, do not infringe any valid claim of the '078 Patent.

60. An actual controversy exists between MSLO and the Defendant as to whether or not MSLO has infringed, or is infringing, the '078 Patent; has contributed to infringement, or is contributing to infringement of the '078 Patent; and has induced infringement, or is inducing infringement of the '078 Patent.

61. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., MSLO is entitled to a declaration, in the form of a judgment, that by its activities MSLO has not infringed and is not infringing any valid and enforceable claim of the '078 Patent; has not contributed to infringement and is not contributing to infringement of the '078 Patent; and/or has not induced infringement and is not inducing infringement of the '078 Patent. Such a determination and declaration is necessary and appropriate at this time.

## COUNT IV

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '565 PATENT

62. The allegations of paragraphs 1-61 are incorporated by reference as if fully set forth herein.

63. The iPad applications for the following four publications, Martha Stewart Living Magazine, Martha Stewart Everyday Food, Martha Stewart CraftStudio and Martha Stewart Weddings, do not infringe any valid claim of the '565 Patent.

64. An actual controversy exists between MSLO and the Defendant as to whether or not MSLO has infringed, or is infringing, the '565 Patent; has contributed to infringement, or is

contributing to infringement of the '565 Patent; and has induced infringement, or is inducing infringement of the '565 Patent.

65. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., MSLO is entitled to a declaration, in the form of a judgment, that by its activities MSLO has not infringed and is not infringing any valid and enforceable claim of the '565 Patent; has not contributed to infringement and is not contributing to infringement of the '565 Patent; and/or has not induced infringement and is not inducing infringement of the '565 Patent. Such a determination and declaration is necessary and appropriate at this time.

## COUNT V

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '908 PATENT

66. The allegations of paragraphs 1-65 are incorporated by reference as if fully set forth herein.

67. The iPad applications for the following four publications, Martha Stewart Living Magazine, Martha Stewart Everyday Food, Martha Stewart CraftStudio and Martha Stewart Weddings, do not infringe any valid claim of the '908 Patent.

68. MSLO denies that it infringes any valid and enforceable claim of the '908 Patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

69. Accordingly, an actual controversy exists between MSLO and the Defendant as to the validity of the '908 Patent. The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., MSLO is entitled to a declaration, in the form of a judgment, that the '908 Patent is invalid. Such a determination and declaration is necessary and

appropriate at this time.

## COUNT VI

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '834 PATENT

70. The allegations of paragraphs 1-69 are incorporated by reference as if fully set forth herein.

71. The iPad applications for the following four publications, Martha Stewart Living Magazine, Martha Stewart Everyday Food, Martha Stewart CraftStudio and Martha Stewart Weddings, do not infringe any valid claim of the '834 Patent.

72. MSLO denies that it infringes any valid and enforceable claim of the '834 Patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

73. Accordingly, an actual controversy exists between MSLO and the Defendant as to the validity of the '834 Patent. The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., MLSO is entitled to a declaration, in the form of a judgment, that the '834 Patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## COUNT VII

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '078 PATENT

74. The allegations of paragraphs 1-73 are incorporated by reference as if fully set forth herein.

75. Based on the above-stated conduct, MSLO is informed and believes that the Defendant contends that MSLO infringes one or more claims of the '078 Patent.

76. MSLO denies that it infringes any valid and enforceable claim of the '078 Patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

77. Accordingly, an actual controversy exists between MSLO and the Defendant as to the validity of the '078 Patent. The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., MSLO is entitled to a declaration, in the form of a judgment, that the '078 Patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## COUNT VIII

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '565 PATENT**

78. The allegations of paragraphs 1-77 are incorporated by reference as if fully set forth herein.

79. Based on the above-stated conduct, MSLO is informed and believes that the Defendant contends that MSLO infringes one or more claims of the '565 Patent.

80. MSLO denies that it infringes any valid and enforceable claim of the '565 Patent, and avers that the assertions of infringement cannot be maintained consistently with statutory conditions of patentability and the statutory requirements for disclosure and claiming that must be satisfied for patent validity under at least one of 35 U.S.C. §§ 101, 102, 103, and 112.

81. Accordingly, an actual controversy exists between MSLO and the Defendant as to the validity of the '565 Patent. The controversy is such that, pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., MSLO is entitled to a declaration, in the form of a judgment, that the '565 Patent is invalid. Such a determination and declaration is necessary and

appropriate at this time.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff MSLO prays that:

A. The Court declare that the four accused MSLO iPad applications do not infringe any valid claim of the '908 patent;

B. The Court declare that the claims of the '908 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

C. The Court declare that the four accused MSLO iPad applications do not infringe any valid claim of the '834 patent;

D. The Court declare that the claims of the '834 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

E. The Court declare that the four accused MSLO iPad applications do not infringe any valid claim of the '078 patent;

F. The Court declare that the claims of the '078 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

G. The Court declare that the four accused MSLO iPad applications do not infringe any valid claim of the '565 patent;

H. The Court declare that the claims of the '565 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

I. MSLO be awarded its costs in this action;

J. MSLO be awarded its attorneys fees pursuant to 35 U.S.C. § 285; and

K. MSLO be awarded such other and further relief as this Court deems is just and proper.

## DEMAND FOR A JURY TRIAL

MSLO hereby demands a trial by jury in this action.

Dated: September 25, 2013                    Respectfully Submitted,

*s/Eugenia G. Carter*
Eugenia G. Carter
WI State Bar ID No. 1011447
gcarter@whdlaw.com
WHYTE HIRSCHBOECK DUDEK S.C.
33 East Main Street, Suite 300
PO Box 1379
Madison, WI 53701
(608) 234-6058

and

Steven Lieberman
slieberman@rfem.com
Brian Rosenbloom
brosenbloom@rfem.com
Jenny L. Colgate
jcolgate@rfem.com
ROTHWELL, FIGG, ERNST & MANBECK, PC
607 14th Street, N.W., Suite 800
Washington, D.C. 20005
(202) 783-6040

*Attorneys for Plaintiff*
*Martha Stewart Living Omnimedia, Inc.*